369 A.2d 876

Michael NADER et al., Appellants in No. 453, Appellees in No. 478,

v.

SUPERIOR ELECTRIC COMPANY, a corporation, Appellee in No. 453, Appellant in No. 478.

Superior Court of Pennsylvania.

Argued Nov. 24, 1975.

Decided Feb. 18, 1977.

P. Louis DeRose, New Kensington, P. Louis DeRose, III, with them Scales & Shaw, Greensburg, for appellant at No. 453 and for appellee at No. 478.

John E. Kunz, Pittsburgh, for appellant at No. 478, and appellee at No. 453.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from an order of the Court of Common Pleas of Westmoreland County granting a new trial to the defendant-appellant, Superior Electric Company, after a verdict in a trespass action in favor of the plaintiffs-appellees in the sum of $45,000.

The action in trespass was based on strict liability under Section 402(a) of the Restatement of Torts for damages caused to the appellees' bar and restaurant in Arnold, Pennsylvania, during a fire which occurred on April 14, 1968. The claim was based on an allegedly defective dimmer switch manufactured by the appellee.

Section 402(a) of Restatement, supra, Section 1, provides:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to this property."

The Court en banc below consisting of Weiss, Keim and Mihalich, JJ. in an opinion written for the court by Keim, J. granted a new trial on the ground that:

The main disputed issue in the trial of the case was whether or not plaintiffs produced sufficient evidence to show that the dimmer switches in question malfunctioned in such a manner as to cause the fire. An examination of the trial transcript shows that beginning at page 276, the Trial Judge expressed to plaintiffs' counsel his opinion that they had not yet made out a case of causation of the fire in question. This colloquy continued at a side bar conference as set forth at pages 276–280 of the trial transcript. Then, from pages 284–286, the Trial Judge conducted questioning of Carl Metz, a State Police Fire Marshal, which resulted in Mr. Metz expressing his opinion as to the causation of the fire. At the time of the Court's questioning, counsel for both parties made objections to the

Court conducting the questioning, which objections were later withdrawn. At that time, the Trial Judge felt that on his own Motion, a Juror should have been withdrawn. However, the Trial Judge did permit the case to go to the Jury."

We must decide whether the court below abused its discretion in granting a new trial for the purposes stated as follows:

"In questioning conducted by the Court in the case at bar, it was the intention of the Trial Judge to see that all possible facets of important evidence necessary to a final determination of causation were brought before the Jury. As can be seen from the examination of the transcript, the Trial Judge, rather than counsel for plaintiffs, conducted the questioning of a witness, which elicited evidence on the issue of causation that permitted this case to go to a Jury. The Court feels that by conducting the examination of a witness on such an important issue of this case, the Trial Judge might have unintentionally led the Jury to believe that because it was the Court conducting the questioning rather than counsel, the Court might have been favoring the plaintiffs over the defendant. The actions of the Trial Judge in interjecting himself as above described and discussed might have unintentionally misled the Jury as to the Court's opinion in the case."

Under the circumstances that existed in this trial, in that the examination by the court below may have had the effect of unintentionally affecting the jury in its deliberations, the ends of justice are best served by the action of the Court en banc below in awarding a new trial and this action does not constitute an abuse of discretion. The appeal from the order dismissing the motion for judgment n. o. v., by the Superior Electric, the appellant in No. 478 is without merit.

Order affirmed.

SPAETH, J., concurs in the result.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

I must dissent from the affirmance of the Order of March 4, 1975, wherein the lower court en banc granted defendant's motion for new trial and denied its motion for judgment n. o. v.[1] The case had proceeded to jury trial on a complaint in trespass in which plaintiffs sued for damages caused by a fire which allegedly occurred in a dimmer switch sold by defendant. The jury reported a verdict in plaintiff's favor in the amount of $45,000.00. At our No. 453, plaintiffs appeal from the Order granting new trial; at our No. 478, defendant appeals from the Order denying judgment n. o. v.

In *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966), our Supreme Court adopted as the law of Pennsylvania the language of § 402A, *Restatement of Torts, 2d.* This is the well-known rule whereby a seller of a product in a defective condition is held liable for damage wrought upon the user's property by the unreasonably dangerous defective product. Plaintiffs structured their case upon this rule of strict liability. *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 319 A.2d 914 (1974), points out that a malfunction in and of itself can be sufficient evidence of a defective condition for § 402A purposes. The rule espoused by § 402A, being one of strict tort liability, releases the complaining party from proof of negligence. But with plaintiff remains the duty to prove that the allegedly defective product caused the harm. See *Southwire Co. v. Beloit Eastern Corp.*, 370 F.Supp. 842 (E.D.Pa., 1974).

Testimony regarding causation was given by one Carl Metz, a Pennsylvania State Police officer who investigat-

---

1. In this Dissenting Opinion, because each party is both appellant and appellee, both appeals being consolidated, I shall retain the appellations "plaintiff" and "defendant."

ed the fire which caused the damage in this case. The following colloquy occurred:

"BY THE COURT:

Are you able on the basis of your studies and what you learned about electricity and relationship of electricity as to fires, are you able in the event of an accidental fire to render an opinion as to the cause of the fire based on your previous studies and your experience?

A. Well, your Honor, there is nothing else in the area there other than the electricity itself, we have no cause other than this.

BY THE COURT:

Then, that would be your opinion if there is nothing else in the area?

A. Right, sir.

BY THE COURT:

If there were wires up above as you said beaded with a short (circuit), would that change your opinion?

A. This could, sir, but the wires which was above did come down to this control sir, it was originally with the controls." [2]

The lower court en banc, in its opinion, determined that this questioning "elicited evidence on the issue of causation that permitted this case to go to a jury." I disagree. I do not believe that the above-quoted testimony, or testimony elsewhere in the record, is sufficient to establish a malfunction of the dimmer switch. Nothing

2. It was this series of questions which the lower court en banc considered overly-prejudicial to defendant's case and upon which the motion for new trial was grounded. An argument is made in the appeals presently before our Court as to the prejudicial nature of these questions and whether or not the jury could have inferred any preference for one of the parties' litigant from the fact that the trial judge so engaged a witness for questioning. Because of my predilection for judgment n. o. v., it is not necessary to address this argument herein.

goes to the issue of a defective dimmer switch having caused the fire. I believe that plaintiff failed to meet his burden of proving causation, and having so failed, is not entitled to a verdict based on § 402A's strict liability.

I would reverse the Order, grant judgment n. o. v. in favor of defendant, and deny defendant's motion for new trial.